PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2006 Buick LaCrosse struck a hole as claimant, Delmas F. McClung, was driving on Kentucky Road, designated as County Route 39/32 in Summersville, Nicholas County. County Route 39/32 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on June 24,2008. County Route 39/32 is an eighteen foot road with a center line, and it has a speed limit of twenty-five miles per hour. Mr. McClung testified that at the time of the incident, he was traveling to Hardman’s Hardware which is located off of W.Va. Route 41. As he was driving on County Route 39/32 at a speed of approximately twenty to twenty-five miles per hour, he noticed that there was a truck that had crossed the yellow center line. Mr. McClung maneuvered his vehicle to the right of his lane of traffic in order to avoid the truck, and his vehicle struck a hole in the road. Mr. McClung testified that the broken section of pavement was approximately eight inches long and seven to eight inches deep. There was a stretch of pavement in this area that had broken that was approximately twelve to fifteen feet long. Mr. McClung had driven on this road two months prior to this incident, but he did not notice a problem with this particular area at that time. As a result of this incident, claimants’ vehicle sustained damage to its right front rim ($190.65) and right front tire ($82.00). Thus, claimants’ damages total $272.65. Although Mr. McClung decided to replace the left front tire, the right front tire was the only tire that was damaged. Claimants’ insurance deductible at the time of the incident was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 39/32. John Jarrell, Highway Administrator for respondent in Nicholas County, testified that he is familiar with the area where this incident occurred. He stated that County Route 39/32 is a city street that is a short cut between Summersville and W.Va. Route 39 from W.Va. Route 41. County Route 39/32 is a heavily traveled, narrow road, and it is a second priority in terms of its maintenance.
According to Mr. Jarrell, traffic uses the edge of the road when there are vehicles approaching in the opposite direction which causes the breakage along the side of the road. The city is responsible for maintaining the road in the winter, and respondent maintains the road during the summer. Respondent’s Core Maintenance Plan indicates that respondent was scheduled to patch County Route 39/32 during the first two weeks of July 2008. The DOH 12, a record of respondent’s work activities, indicates that respondent patched County Route 39/32 on June 27, 2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and its location lead the Court to conclude that respondent had notice of this condition. Thus, the Court finds respondent *198 negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $272.65.
Award of $272.65.